THE RED TOP CAB CO. v. WHITFIELD.

*Negligence—Plaintiff must set aside admitted release before he can recover—Defense of release determined by jury's answer to special interrogatory.*

1. In action for injuries, plaintiff, if admitting making of release to defendant, must set aside release before he can recover.
2. In action for injuries, defended on ground that plaintiff executed release which plaintiff denied signing and asserted that if he did sign he was so dazed as not to understand nature of act, answer of jury to special interrogatory that plaintiff did not knowingly sign release disposed of defense of release.

(Decided May 16, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. John H. McNeal* and *Mr. Henry J. Reed,* for plaintiff in error.
*Messrs. Bernsteen & Bernsteen* and *Mr. M. S. Fishel,* for defendant in error.

VICKERY, J. This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county.

In the court below the Red Top Cab Company was sued by defendant in error for damages because of his coming in contact with a cab driven by an employe of that company. He received certain injuries, as he claimed, for which suit was brought and a recovery obtained against the defendant company. It is to reverse that judgment that error is prosecuted here.

The principal defense urged by the plaintiff in

error is that there had been a settlement and release of this entire claim, and that, therefore, the plaintiff is not entitled to recover.

We learn from the record that the plaintiff, a pedestrian, was crossing the street properly, when the taxicab company's cab, driven by one of its servants, on the wrong side of the street, going at a high rate of speed, ran into plaintiff and injured him. He was taken to the hospital, we are led to believe, by the taxicab company, and within 20 minutes or half an hour a claim agent appeared on the scene and procured what the company claims was a release or settlement of any liability. It is claimed by the taxicab company that it paid the injured man $20 and got his signature to the release, and the release, signed with a mark, was introduced in evidence.

The petition did not take into consideration the fact that there had been a release, and it was flatly denied by the plaintiff below that there was such a release. That was one of the questions submitted to the jury. Had there been an admission that there had been a release, it would have been incumbent upon the plaintiff to have set aside that release before he could recover, for we adhere to the doctrine that a release obtained under certain circumstances is merely a voidable contract, and can be avoided by the plaintiff by making a proper tender back of the amount that he received for said release and offering to place the other person in *statu quo.* The pleadings in this case, so far as the petition is concerned, did not mention this release. The answer, however, set up the release, and I take it the reply denied it; at least that was one of the issues submitted to the jury.

There were some other so-called errors alleged, but they are not of much importance.

It seems that the charge of the court was correct, so far as it appears, and that the defendant company was guilty of negligence, and the recovery is not claimed to be too large, so the whole gist of this lawsuit resolves itself around this release.

The manner in which this so-called release was taken does not reflect much honor upon the defendant, but, however that may be, plaintiff below flatly denied that he ever signed the release, and asserted that, if he did, he was so dazed that he did not understand the nature of this act, and that he did not knowingly sign a release.

The release was signed by what purported to be a mark by this plaintiff. Apparently the interne at the hospital, as it is stated, a young man 17 or 18 years of age, and still attending college, or whoever it was who had charge of the hospital at the time this man was brought there, discharged him very quickly, and he was found upon the street in a dazed condition and was taken away and taken care of by other persons.

This all bears upon the question of the haste in which this so-called release was obtained, but, whether it was obtained or not, plaintiff flatly denied that it was, and further claimed that if he did sign a release, he did not knowingly do so.

Apparently the defendant below saw the importance of this release proposition, and so he propounded an interrogatory to be submitted to the jury, which in effect was this: "Did the plaintiff knowingly sign this release?" The jury answered that he did not. This simply serves as another example of a case where a lawyer seeking to entrap

the jury is "hoist by his own petard." In our judgment, that answer effectively disposed of the contention of plaintiff in error herein.

It is urged in argument that the court did more than he ought to have done in submitting this interrogatory. In examining the language of the court we cannot say that he violated the proprieties or did anything he was not called upon to do in putting the question fairly before the jury. It must be remembered that this came after the charge, and just as the cause was about to be submitted to the jury, at which time counsel for defendant below, plaintiff in error here, asked to have this special interrogatory submitted. It was submitted as were the other issues, and the jury found generally for the plaintiff, and answered this interrogatory so that it was consistent with the general verdict, and so we think it tied the verdict up so that it is unassailable.

We do not find any error in this record warranting a reversal, and the judgment is hereby affirmed.

*Judgment affirmed.*

SULLIVAN, P. J., and LEVINE, J., concur.